NORFOLK AND DEDHAM MUTUAL FIRE
INSURANCE COMPANY *v.*
CRAIG WYSOCKI
(SC 15624)

LIBERTY MUTUAL FIRE INSURANCE
COMPANY *v.* CRAIG WYSOCKI
(SC 15625)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued October 1—officially released November 11, 1997

*David A. Sylvestre,* with whom, on the brief, was *Charles J. Wood, Jr.,* for the appellant in Docket No. 15624 (plaintiff Norfolk and Dedham Mutual Fire Insurance Company).

*Ruth Beardsley,* for the appellant in Docket No. 15625 (plaintiff Liberty Mutual Fire Insurance Company).

*John L. Boccalatte,* for the appellee in both cases (defendant).

*Opinion*

PER CURIAM. In these two joint appeals, the plaintiffs, Norfolk and Dedham Mutual Fire Insurance Company (Norfolk) and Liberty Mutual Fire Insurance

Company (Liberty), appeal[1] from the judgments of the trial court denying their applications to vacate an uninsured motorist arbitration award and granting the applications of the defendant, Craig Wysocki, to confirm the award. The cases were presented to the trial court on the following stipulated facts.

In October, 1989, the defendant was operating an all-terrain vehicle, which he owned, on a public road when he collided with another all-terrain vehicle owned and operated by Hans Pedersen. Both all-terrain vehicles were uninsured. The defendant was also the owner of a private passenger motor vehicle that was insured by Liberty for uninsured motorist coverage in the amount of $20,000. He was also insured under a private passenger motor vehicle policy issued to his mother by Norfolk that provided uninsured motorist coverage in the amount of $40,000. The defendant made uninsured motorist claims against both policies, and a panel of arbitrators awarded him $60,000.

Liberty and Norfolk filed applications to vacate the award, pursuant to General Statutes § 52-418,[2] and the

---

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] General Statutes § 52-418 provides: "Vacating award. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators.

trial court denied the applications to vacate and granted the defendant's applications to confirm the award. Liberty and Norfolk each claim that: (1) Pedersen's all-terrain vehicle was not a "motor vehicle" within the meaning of their respective policies; and (2) even if the all-terrain vehicle was a "motor vehicle," it was not covered for uninsured motorist coverage because of the terms of a certain exclusion in each of their respective policies. The trial court concluded that although an all-terrain vehicle does not meet the statutory definition of a motor vehicle, it does meet the definition of an uninsured motor vehicle found in both policies for purposes of uninsured motorist coverage, and that the exclusion provisions of the policies does not bar coverage. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 45 Conn. Sup. 144, 150, 702 A.2d 675 (1996).

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. See *Garrett's Appeal from Probate*, 237 Conn. 233, 237–38, 676 A.2d 394 (1996).

The judgment is affirmed.

"(c) Any party filing an application pursuant to subsection (a) of this section concerning an arbitration award issued by the State Board of Mediation and Arbitration shall notify said board and the Attorney General, in writing, of such filing within five days of the date of filing."