## FLEET NATIONAL BANK, EXECUTOR (ESTATE OF WILHELMINA GREGER) *v.* AETNA INSURANCE COMPANY
### (SC 15844)

Borden, Norcott, Katz, Palmer and McDonald, Js.

Argued June 3—officially released July 21, 1998

*Paul Litman*, with whom was *Kent D. Mawhinney*, for the appellant (plaintiff).

*Louis B. Blumenfeld*, with whom, on the brief, were *Eugene A. Cooney* and *Rodd Mantell*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Fleet National Bank, the executor of the estate of the decedent, Wilhelmina Greger, appeals[1] from the summary judgment of the trial court rendered in favor of the defendant, Aetna Insurance Company, on the plaintiff's complaint seeking underinsured motorist conversion coverage pursuant to an insurance policy issued by the defendant. The plaintiff claims that the trial court improperly concluded that: (1) the policy definition of an underinsured motor vehicle excluded a vehicle owned by the named insured, and that such an exclusion applied to underinsured motorist conversion coverage made available pursuant to General Statutes § 38a-336a;[2] (2) the exclusion

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now Practice Book (1998 Rev.) § 65-1, and General Statutes § 51-199 (c).

[2] General Statutes § 38a-336a provides: "(a) Each insurer licensed to write automobile liability insurance in this state shall offer, for an additional premium, underinsured motorist conversion coverage with limits in accordance with section 38a-336. The purchase of such underinsured motorist conversion coverage shall be in lieu of underinsured motorist coverage pursuant to section 38a-336.

"(b) Such coverage shall provide for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles.

"(c) Each insurer shall be obligated to pay to the insured, up to the limits of the policy's underinsured motorist conversion coverage, after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements. If the insured purchases such underinsured motorist conver-

in General Statutes § 38a-336³ from underinsured motorist coverage of a vehicle owned by the named

sion coverage, then in no event shall the underinsured motorist coverage be reduced on account of any payment by or on behalf of the tortfeasor or by any third party.

"(d) The selection of coverage under this section shall apply to all subsequent renewals of coverage and to all polices or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by any named insured.

"(e) For purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of all payments received by or on behalf of the covered person from or on behalf of the tortfeasor are less than the fair, just and reasonable damages of the covered person.

"(f) The provisions of this section shall apply to all new and renewal policies issued on or after January 1, 1994."

³ General Statutes § 38a-336 provides: "(a) (1) Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom. Each insurer licensed to write automobile liability insurance in this state shall provide uninsured and underinsured motorists coverage with limits requested by any named insured upon payment of the appropriate premium, provided each such insurer shall offer such coverage with limits that are twice the limits of the bodily injury coverage of the policy issued to the named insured. The insured's selection of uninsured and underinsured motorist coverage shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by any named insured. No insurer shall be required to provide uninsured and underinsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured.

"(2) Notwithstanding any provision of this section to the contrary, each automobile liability insurance policy issued or renewed on and after January 1, 1994, shall provide uninsured and underinsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless any named insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. Such written request shall apply to all

## insured applies to underinsured motorist conversion

subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by any named insured. No such written request for a lesser amount shall be effective unless any named insured has signed an informed consent form which shall contain: (A) An explanation of uninsured and underinsured motorist insurance approved by the commissioner; (B) a list of uninsured and underinsured motorist coverage options available from the insurer; and (C) the premium cost for each of the coverage options available from the insurer. Such informed consent form shall contain a heading in twelve-point type and shall state: 'WHEN YOU SIGN THIS FORM, YOU ARE CHOOSING A REDUCED PREMIUM, BUT YOU ARE ALSO CHOOSING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY. IF YOU ARE UNCERTAIN ABOUT HOW THIS DECISION WILL AFFECT YOU, YOU SHOULD GET ADVICE FROM YOUR INSURANCE AGENT OR ANOTHER QUALIFIED ADVISER.'

"(b) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. The limitation on the total amount of recovery from all policies shall not apply to underinsured motorist conversion coverage purchased pursuant to section 38a-336a.

"(c) Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars.

"(d) Regardless of the number of policies issued, vehicles or premiums shown on a policy, premiums paid, persons covered, vehicles involved in an accident, or claims made, in no event shall the limit of liability for uninsured and underinsured motorist coverage applicable to two or more motor vehicles covered under the same or separate policies be added together to determine the limit of liability for such coverage available to an injured person or persons for any one accident. If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary

coverage; (3) § 38a-334-6 (c) (2) (A)[4] of the Regulations of Connecticut State Agencies applies to underinsured motorist conversion coverage; and (4) the exclusion in the decedent's policy was not deleted by a subsequent endorsement. We affirm the trial court's judgment.

and any coverage for which such person is a named insured shall be secondary. All other applicable policies shall be excess. The total amount of uninsured and underinsured motorist coverage recoverable is limited to the highest amount recoverable under the primary policy, the secondary policy or any one of the excess policies. The amount paid under the excess policies shall be apportioned in accordance with the proportion that the limits of each excess policy bear to the total limits of the excess policies. If any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident shall be the only uninsured and underinsured motorist coverage available.

"(e) For the purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section.

"(f) Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage.

"(g) No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

[4] Section 38a-334-6 of the Regulations of Connecticut State Agencies provides in relevant part: "(c) Exclusions. The insurer's obligations to pay may be made inapplicable . . .

"(2) if the uninsured motor vehicle is owned by

"(A) the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing . . . ."

The facts are not in dispute. The decedent was a passenger in an automobile owned by her and operated by her husband. She died as a result of a collision caused by her husband's negligence. The plaintiff exhausted the liability coverage on the automobile policy provided by the defendant, and sought additional benefits pursuant to the underinsured motorist conversion coverage of the same policy. The defendant refused to pay any additional benefits.

The plaintiff brought this action for underinsured motorist conversion benefits. Both parties moved for summary judgment, and the trial court denied the plaintiff's motion and granted the defendant's motion. This appeal followed.

Our examination of the record and briefs, and the arguments of the parties on appeal, persuades us that the judgment of the trial court should be affirmed, essentially for the reasons stated and on the basis of the authorities cited in the trial court's thoughtful and comprehensive memorandum of decision. See *Fleet National Bank* v. *Aetna Ins. Co.*, 45 Conn. Sup. 355, 717 A.2d 861 (1997). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.