[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
Presently before this court is the motion for summary judgment filed by the defendant James J. Scalise on July 28, 2000. Also before the court is the cross-motion for summary judgment filed by the plaintiff, American Home Assurance Company.[1] This case arises from the defendants' refusal to pay a $5000 deductible to their malpractice insurance provider, the plaintiff, despite the plaintiff's demand for payment. The disputed issue is whether the individual defendant, James J. Scalise, is liable for payment of the insurance deductible of $5000, interest and attorney's fees, in the total amount of $6175.
For reasons more fully set forth below, this court holds that, under the terms of the insurance contract, the individual defendant is liable for the insurance deductible. The court denies the defendant's motion for summary judgment and grants the plaintiff's motion for summary judgment. Judgment is entered for the plaintiff and against defendant James J. Scalise in the total amount of $6175. CT Page 16181
 FACTS
For purposes of the present motions, the parties have stipulated to the following facts. On or about January 5, 1993, a malpractice action was brought by Wallingford Dodge, Inc. and James McCarthy against James J. Scalise (Scalise), and James J. Scalise P.C./Scalise Law Offices P.C.[2]
At the time, James J. Scalise P.C., Scalise Law Offices P.C. was a professional corporation engaged in the practice of law and insured by the plaintiff for professional liability with a deductible of $5000. Scalise was the only attorney practicing in Scalise Law Offices, P.C. at the time of the malpractice claim. The plaintiff settled the claim with the consent of Scalise. Presently, there is a balance due from James J. Scalise P.C./Scalise Law Offices P.C. in the amount of $5000, which the defendant fails, neglects and refuses to pay, despite the plaintiff's demand for payment.
The plaintiff filed an Offer of Judgment on August 13, 1999, seeking judgment in the amount of $5000. Pursuant to General Statutes §52-192a, the plaintiff also seeks interest at twelve percent per year on $5000, for a total interest payment of $825, and reasonable attorney fees of $350. The total amount that the plaintiff seeks in this action is $6175.
In a letter dated July 8, 1992, to James J. Scalise, Esquire, Scalise Law Offices P.C., Kronholm Keeler, Inc. acknowledged receipt of an application for professional liability insurance with a $5000 deductible. (See Stipulated Exhibit A.) On July 17, 1992, Kronholm Keeler, Inc., issued a professional liability insurance binder to James J. Scalise, Esquire, Scalise Law Offices P.C. for the binder term of July 21, 1992, through September 21, 1992. The insured was listed as James J. Scalise, Esquire, Scalise Law Offices P.C. (See Stipulated Exhibit B.) The declaration page of the insurance contract stated that the policy was between the plaintiff and Scalise Law Offices, P.C. An endorsement to the policy insured Scalise in his capacity as title insurance agent and listed Scalise Law Offices, P.C. as the insured. (See Stipulated Exhibit C.).
Scalise countersigned a letter dated February 28, 1995, from A. I. Management to Scalise Law Offices, P.C., which authorized a settlement of the Wallingford Dodge, Inc. matter. (See Stipulated Exhibit E.) On April 18, 1997, Scalise signed a letter dated April 17, 1997, from the Law Offices of George J. DuBorg to Attorney James J. Scalise, consenting to the settlement of the Wallingford Dodge, Inc. matter. (See Stipulated Exhibit F.) Wallingford Dodge, Inc. released Scalise and James J. Scalise P.C./Scalise Law Offices P.C. in a general release dated May 20, 1997 in exchange for $40,000. CT Page 16182
The parties are each seeking summary judgment based upon these stipulated facts. The defendant argues that he is entitled to summary judgment as a matter of law for the following reasons. First, the defendant argues that an individual employee is not liable for a deductible on an insurance contract between his corporation and its malpractice insurance carrier. Second, the defendant argues that he cannot be personally liable for the deductible because he was acting in a capacity as an officer of the corporation when he cooperated with the settlement procedure set forth in the. stipulation of facts.
Conversely, the plaintiff argues in support of its motion for summary judgment that Scalise is personally liable for the deductible for the following reasons: (1) Scalise is an insured person under the terms of the aforementioned insurance policy contract because he is the only practicing lawyer in the professional corporation; (2) the policy provides that the insureds, including Scalise, are jointly and severally liable for payment of the deductible; (3) General Statutes § 33-182e
provides that officers of a professional corporation are personally liable for negligent acts committed while rendering professional services on behalf of the corporation; and (4) the court should read the insurance contract so as to render effective all provisions of the contract, including the definition of insured and the reimbursement of deductible provision.
 STANDARD OF REVIEW
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education of Stonington,254 Conn. 205, 209, 757 A.2d 1059 (2000).
 DISCUSSION
Section 33-182e does not apply to this case. Section 33-182e provides, in pertinent part, that the officers, agents or employees of a CT Page 16183 professional corporation are "personally liable and accountable only fornegligent or wrongful acts or misconduct committed by him . . . while rendering professional services on behalf of the corporation . . ." (Emphasis added). "According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature . . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotations omitted). King v.Sultar, 253 Conn. 429, 437-38, 754 A.2d 782 (2000). "If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature . . . . Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature . . . ." (Citations omitted; internal quotations omitted). Donner v. Kearse, 234 Conn. 660,670, 662 A.2d 1269 (1995).
The language of § 33-182e is clear and unambiguous.[3] It specifically states that personal liability is extended to an employee for "negligent or wrongful acts or misconduct." In its complaint, the plaintiff alleges breach of contract for collection and thus, because the plaintiff does not allege tortious conduct, § 33-182e does not apply.
Rather, it is the governing insurance contract that resolves the issue raised by the parties' motions. To determine whether this individual defendant is liable for the deductible on the malpractice insurance, the court looks to the plain language of the insurance contract and the defendant's subsequent actions with regard to said contract.
"[C]onstruction of a contract of insurance presents a question of law for the court . . . Moore v. Continental Casualty Co., 252 Conn. 405,409, 746 A.2d 1252 (2000). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed-in the policy . . . . If the words in the policy are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." (Citations omitted; internal quotation marks omitted.) O'Brien v. United States Fidelity Guaranty Co., 235 Conn. 837, 842, 669 A.2d 1221 (1996); see also Norfolk Dedham Mutual Fire Ins. Co. v. Wysocki, 45 Conn. Sup. 144, 148, CT Page 16184702 A.2d 675 (1996), aff'd 243 Conn. 239, 702 A.2d 638 (1997).
"The parties [to an insurance contract] have a right to include whatever terms they desire . . . . It is deemed inappropriate for the court to make a contract for them . . . . The court may neither create nor alter a contract under the guise of construction." 2 Holmes' Appleman on Insurance (2d Ed. 1996) § 5.1, p. 11-12. "The complexity of insurance policies and the failure of the insured to read the policy do not justify special rules of construction for insurance contracts." 2 Holmes' Appleman on Insurance (2d Ed. 2000 Fall interim supplement) § 5.1, p. 3.
The contract language in the present case is unambiguous as to (1) who is insured, (2) the terms of the deductible and (3) who is liable for reimbursement of the company. First, the contract specifically enumerates, on page two, that "any lawyers who are stockholders or members" and "any lawyer who during the policy period becomes a[n] employee" of the professional corporation-are insured persons.[4] In this case, the defendant is the sole attorney who was practicing at the defendant professional corporation; thus, he is an insured under the terms of the policy.
Second, the contract states that "[t]he deductible amount stated in the Declarations, if any, shall be subtracted from the total amount of damages and claims expenses . . . ." Id., p. 5. The applicable limit of liability in the contract was $1,000,000 and the deductible was $5000.
Finally, the intention of the parties regarding who is liable for reimbursement of the deductible can be deduced from the unambiguous contract language. See O'Brien v. United States Fidelity Guaranty Co.,
supra, 235 Conn. 842; see also Yankee Linen Supply Co. v. Baxter,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165515 (February 10, 2000, Lewis, J.) (the issue of personal liability involves the intent of the contracting parties). The language reveals that those who were insured would be responsible for making payments within the deductible. The contract specifies that all those insured, as defined therein, shall be jointly and severally liable to the plaintiff for deductible payments. The contract provides that "[i]f the Company so requests, then the Insured shall make direct payments within the deductible to appropriate other parties." Insurance Contract, p. 5. The contract also states that "[i]f the Company has paid any amount in settlement . . . in excess of the applicable limit of liability or within the amount of the applicable deductible, the insureds, jointly and severally, shall be liable to the Company for any and all such amounts . . . ." Id. Notably, this provision is not limited to the "Named Insured designated in the Declaration." CT Page 16185
The defendant argues that he is not liable as an individual for the insurance deductible because he is merely a third party beneficiary to the insurance contract. It is true that "a corporate officer can bind the corporation to a contract without also binding himself where he, acting within his corporate authority, signs the contract so as to unambiguously indicate that he is signing in his corporate capacity . . . ." (Citations omitted) Doe v. Odili Technologies, Inc., Superior Court, judicial district of Danbury, Docket No. 327738 (November 18, 1999, Moraghan,J.).
Nonetheless, when presented with the papers seeking Scalise's consent to settlement, the parties have stipulated that the defendant signed each document as requested. His signatures were unaccompanied by any evidence that he was signing in a corporate capacity. In the first, dated February 28, 1995, he signed under the statement, "I hereby consent to the settlement of the above captioned matter." In the second, dated April 18, 1997, he signed under the statement, "I hereby consent to settlement of this case: Wallingford Dodge, et al v. James Scalise, et al." The Appellate Court has held that "[t]o avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or to make inquiries to discover these facts . . . . Therefore, where the agent contracts as ostensible principal, regardless of his intent . . . he will be personally liable on the contract as if he were the principal." (Internal quotation marks omitted.) Robert T. Reynolds Associates v. Asbeck,23 Conn. App. 247, 251, 580 A.2d 533 (1990); see also 3 C.J.S. Agency 369.
Here, the contract that the defendant obtained in his corporate capacity was for his individual benefit and included a provision that extended liability to him in his individual capacity as an insured. Further, the defendant assented, by signing in his individual capacity, to a payment made for his individual benefit, which, correspondingly, called for him to make a partial reimbursement of the same. See generallyRobert T. Reynolds Associates v. Asbeck, supra, 23 Conn. App. 247 (court found mutual assent to form contract between plaintiff and individual defendant where individual defendant failed to disclose either that he was acting as an agent or the identity of a principal). The court finds that, under these circumstances, the individual is liable and is bound by the terms of the contract. Here, the individual defendant did more than act in a corporate capacity to present the application for the governing insurance contract covering the law firm and himself. He consented in writing to the malpractice settlement and payment by the Company for his benefit without stating that he was acting in his corporate capacity. CT Page 16186 Accordingly, the individual defendant is jointly and severally liable for the amount of the deductible because he is an "insured" as that term is defined in the insurance contract and he subsequently acted in an individual capacity when he signed and assented to the insurance settlement provided by the plaintiff.
 CONCLUSION
The court denies the defendant's motion for summary judgment and grants the plaintiff's motion for summary judgment. It is hereby ordered that judgment be entered for the plaintiff in the total amount of $6175 against defendant James J. Scalise.
BY THE COURT,
Robert B. Shapiro Judge of the Superior Court