## STATE OF CONNECTICUT *v.* RICHARD COMOLLO
### (AC 33959)

Alvord, Bear and Sheldon, Js.

---

Argued December 11, 2012—officially released March 12, 2013

*Robert J. Williams, Jr.*, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robert Diaz*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Richard Comollo, appeals from the judgment of conviction rendered following his conditional plea of nolo contendere to the charge of illegal operation of a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a.[1] The plea followed the trial court's denial of the defendant's motion

---

[1] "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." General Statutes § 54-94a.

to suppress.[2] On appeal, the defendant claims that the court improperly denied the motion to suppress evidence obtained during a stop of his vehicle at a sobriety checkpoint, in violation of article first, §§ 7 and 9, of the constitution of Connecticut. We disagree and, accordingly, affirm the judgment of the trial court.

The defendant claims that the operational plan (plan) used by the Hartford police department (department) for implementing the sobriety checkpoint at which he was arrested was not substantially similar to written sobriety checkpoint guidelines that are utilized by the state police and were approved by this court in *State v. Boisvert*, 40 Conn. App. 420, 427, 671 A.2d 834, cert. denied, 237 Conn. 903, 674 A.2d 1332 (1996). The defendant claims that the plan violated his constitutional rights, arguing that a sobriety checkpoint must contain certain "neutral criteria" that were lacking in this case. Specifically, he argues that the plan contained insufficient (1) notice of the time and location of the checkpoint, (2) signage to notify motorists of alternative routes by which to circumvent the checkpoint and (3) guidance as to where sobriety tests of stopped motorists would be conducted.

The court set forth the following facts in its memorandum of decision. In accordance with the plan, the department conducted a roadside sobriety checkpoint on Brainard Road in Hartford from 7 p.m. on Thursday, May 20, 2010, until 3 a.m. on Friday, May 21, 2010. The plan detailed that officers were to be dressed in full uniform and to place signs in locations that would notify motorists of the checkpoint in advance, allowing them to avoid the checkpoint by taking an alternate route. It also detailed the questions officers were to ask each

[2] The defendant filed a motion to dismiss on March 31, 2011. The parties and the court, *Carbonneau, J.*, agreed to treat the motion as a motion to suppress.

motorist upon arrival at the checkpoint and the procedure officers were to follow when examining a motorist suspected of intoxication. The department's unwritten policy and custom is to notify the public of the location and the time of the sobriety checkpoint between twenty-four and forty-eight hours before the operation commences. Fifty-two hours and forty-five minutes prior to putting the sobriety checkpoint in operation, Sergeant Christine Mertes, in her capacity as the department's public information officer, drafted and distributed a press release about the checkpoint to more than 2000 recipients, including various media and Internet outlets.

At 9:05 p.m. on Thursday, May 20, 2010, Sergeant Andrew Lawrence encountered the defendant driving through the sobriety checkpoint. He asked the defendant questions in accordance with those required under the plan and determined that there was cause to investigate the defendant's sobriety further. Lawrence eventually arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor or drugs.

"[T]he standard of review for a motion to suppress is well settled. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]hen a question of fact is essential to the outcome of a particular legal determination that implicates a defendant's constitutional rights . . . our customary deference to the trial court's factual findings is tempered by a scrupulous examination of the record to ascertain that the trial court's factual findings are supported by substantial evidence. . . . [W]here the legal conclusions of the court are challenged, [our review is plenary, and] we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Doyle*, 139 Conn.

App. 367, 374, 55 A.3d 805 (2012), cert. denied, 307 Conn. 952, 58 A.3d 976 (2013).

After a scrupulous examination of the record, we conclude that the facts found by the trial court in its memorandum of decision are supported by substantial evidence. Further, we conclude that the court's legal conclusions are supported by the facts and are legally and logically correct. We therefore adopt the well reasoned decision of the trial court as a proper statement of the relevant facts, issues and applicable law. See *State* v. *Comollo*, 52 Conn. Sup. 479, 62 A.3d 644 (2011). It would serve no useful purpose for this court to repeat the discussion contained therein. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.