******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SEMINOLE REALTY, LLC *v.* SERGEY SEKRETAEV
(AC 37340)

Sheldon, Keller and Schaller, Js.

*Argued September 21—officially released December 29, 2015*

(Appeal from Superior Court, judicial district of
Windham, Boland, J.)

*Sergey Sekretaev*, self-represented, the appellant
(defendant).

*Christine S. Synodi*, with whom was *Gordon P. Videll*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Sergey Sekretaev, appeals from the judgment of strict foreclosure rendered in favor of the plaintiff, Seminole Realty, LLC. On appeal, the defendant challenges the trial court's determination that the plaintiff had standing to bring this action, notwithstanding his arguments to the contrary, and its rejection of his special defenses and two counts of his three count counterclaim. We affirm the judgment of the trial court.

The plaintiff filed its complaint seeking foreclosure on a residential condominium unit that it built and sold to the defendant in exchange for a note secured by a mortgage. The plaintiff alleged that it was the owner and holder of the note and mortgage. In responding to the plaintiff's complaint, the defendant filed an answer, in which he denied all of the plaintiff's essential allegations against him, in addition to asserting twelve special defenses and a three count counterclaim. Over the protracted history of this case, which spanned more than four years, the defendant also repeatedly challenged the plaintiff's standing to bring this action by filing serial motions to dismiss. At the time of trial, two of those jurisdictional challenges remained unresolved.

Following a trial to the court, at which both parties introduced several exhibits into evidence, the court issued a memorandum of decision in which it concluded: (1) on the question of the plaintiff's standing, and thus of its own subject matter jurisdiction over the action, that it had such jurisdiction based upon the plaintiff's standing to bring it in its capacity as the owner and holder of the note and mortgage on which it sought to foreclose; and (2) on the merits of the action, that the plaintiff had "proven by a preponderance of the evidence that [the] defendant is liable to it upon the promissory note secured by the mortgage, and that the defendant's special defenses . . . are legally inapplicable or [not] factually supported by any material evidence. The first and third counts of his counterclaim are inapplicable. [The] defendant has proven in part the allegations of the second count thereof and is entitled to an offset." The court thus rendered judgment of strict foreclosure in favor of the plaintiff, made the requisite factual findings, credited the defendant with the offset, and set the law day according to law.

After our careful examination of the record, we conclude that the court did not err in rejecting the defendant's jurisdictional challenges to this action, or in rendering judgment of strict foreclosure in favor of the plaintiff herein. The trial court issued a thorough and well reasoned decision regarding the factual and legal bases for its legal and factual conclusions. It would serve no useful purpose for this court to repeat the analysis contained in the trial court's decision. See *Nor-*

*folk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997). We therefore adopt the well reasoned decision of the trial court as a proper statement of the relevant facts, issues, and applicable law. See *Seminole Realty, LLC* v. *Sekretaev*, 162 Conn. App. 170,     A.3d     (2014) (appendix).

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

———————————