******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## SANDHYA DESMOND *v.* YALE-NEW HAVEN HOSPITAL, INC., ET AL.
### (AC 48749)

Alvord, Moll and Palmer, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment of dismissal rendered following its grant of the defendants' motion to strike the plaintiff's amended complaint in its entirety. The plaintiff claimed that the court incorrectly concluded that the exclusivity provision (§ 31-284 (a)) of the Workers' Compensation Act barred the plaintiff's claims, including her claim for statutory theft (§ 31-290c). *Held*:

The judgment of the trial court was affirmed, as the trial court properly resolved the issues raised in this appeal, and this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues.

Argued April 14—officially released May 26, 2026

*Procedural History*

Action to recover damages for statutory theft, and for other relief, brought to the Superior Court in the judicial district of New Haven and transferred to the judicial district of Waterbury, Complex Litigation Docket, where the court, *Wilson, J.*, granted the defendants' motion to strike the amended complaint; thereafter, the court, *Klau, J.*, rendered a judgment of dismissal, from which the plaintiff appealed to this court. *Affirmed.*

*Eric Desmond*, for the appellant (plaintiff).

*Phyllis M. Pari*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Sandhya Desmond, appeals from the trial court's grant of the motion for judgment of dismissal pursuant to Practice Book § 10-44 filed by the defendants, Yale-New Haven Hospital, Inc., Letizia Ambrose & Falls, P.C., and Neil Ambrose, following the court's grant of the defendants' motion to strike the plaintiff's amended complaint in its entirety. On appeal, the plaintiff's principal claim is that, in striking

the amended complaint, the court incorrectly concluded that the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a), bars the plaintiff's claims of statutory theft pursuant to General Statutes § 31-290c.

Having examined the record and considered the briefs and arguments of the parties, we conclude that the judgment of the trial court should be affirmed. In granting the defendants' motion to strike, the court issued a thorough and well reasoned memorandum of decision, which contains a proper statement of the relevant facts and the applicable law on the issues. We therefore adopt the decision as our own. See *Desmond* v. *Yale-New Haven Hospital, Inc.*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X06-CV-24-6075921-S (January 16, 2025) (reprinted at 239 Conn. App. 142,      A.3d      ). "It would serve no useful purpose for [this court] to repeat the discussion therein contained." *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.