CHARLES D. GIANETTI *v.* JOSEPH
LUCIAN GERARDI
(AC 33066)

Lavine, Beach and Espinosa, Js.

Argued January 20—officially released February 28, 2012

*Charles D. Gianetti,* pro se, for the appellant (plaintiff).

*Joseph L. Gerardi,* pro se, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Charles D. Gianetti, a physician, appeals from the judgment rendered in favor of the self-represented defendant, Joseph Lucian Gerardi, an attorney licensed to practice in Connecticut. On appeal, the plaintiff claims that the trial court abused its discretion by overruling his objection to the report of an attorney trial referee (referee) and rendering judgment in favor of the defendant on the basis of the report. We affirm the judgment of the trial court.

The plaintiff commenced an action against the defendant sounding in breach of implied contract, unjust enrichment and quantum meruit. Pursuant to Practice Book § 19-2A, the action was referred to a referee. Following a hearing, the referee issued a report. See Practice Book § 19-8. The referee found that the plaintiff provided medical and surgical treatment to a child who had sustained severe dog bite injuries. The plaintiff submitted a bill, which was found to be reasonable and customary, to the child's mother and to the insurance carrier of the dog's owner. The plaintiff did not submit his bill to the defendant, who represented the child's interests in an action against the dog's owner. The plaintiff was never paid for the services he rendered to the child.

The referee also found that "[t]he defendant requested medical records and bill from the plaintiff.

. . . The plaintiff indicated to the defendant, individually and through counsel, that he would only supply the bill and medical information if he received a letter of protection from the defendant. . . . The defendant indicated to [the] plaintiff that if [the] plaintiff sent his bill, he would submit it to the insurance company and provide a letter of protection for any reasonable bill to the extent that it was not paid by said insurance carrier. . . . There was never a meeting of the minds between [the] plaintiff and [the] defendant on the issues of payment or the supplying of medical information and a bill." The referee recommended that judgment enter in favor of the defendant. The plaintiff objected to the report. In a memorandum of decision, the court overruled the plaintiff's objection and rendered judgment in favor of the defendant.

Our examination of the record, briefs and arguments of the parties persuades us that the judgment of the court should be affirmed. The court's memorandum of decision is thorough and well reasoned; we adopt it as a proper statement of the facts and the applicable law on the issues raised. See *Gianetti* v. *Gerardi*, 52 Conn. Sup. 207, 44 A.3d 911 (2010). No useful purpose would be served by repeating the discussion contained therein. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.