# IN RE ISAIAH J. ET AL.*
## (AC 34070)

Lavine, Robinson and Pellegrino, Js.

Argued November 13, 2012—officially released March 4, 2013**

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** March 4, 2013, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Kathryn Steadman,* for the appellant (intervening respondent maternal grandmother).

*Susan T. Pearlman,* assistant attorney general, with whom were *Benjamin Zivyon,* assistant attorney general, and, on the brief, *George Jepsen,* attorney general, for the appellee (petitioner).

*Michael F. Miller,* for the minor children.

*Opinion*

PER CURIAM. The intervening respondent is the maternal grandmother (grandmother) of four minor children, I, A, K and T (children), who are in the custody of the petitioner, the commissioner of children and families (commissioner). The grandmother appeals from the judgment of the trial court, rendered in favor of the commissioner, denying the grandmother's motion to transfer to her guardianship of the children pursuant to General Statutes § 46b-129 (j). The grandmother claims that the court improperly found that she was not a suitable and worthy guardian for the children. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In October, 2008, the children's mother (mother), who is the grandmother's daughter, applied to New London Regional Probate Court to have the grandmother appointed temporary guardian of the children, which was granted. Shortly thereafter, the department of children and families removed the children and filed neglect petitions. On June 1, 2009, the children were adjudicated neglected and placed in the protective custody of the commissioner. On February 9, 2010, the grandmother filed a motion to transfer

guardianship of the children to herself pursuant to § 46b-129 (j). On November 10, 2011, the court denied the grandmother's motion for transfer of guardianship, finding that she was not a suitable and worthy guardian.[1]

"Questions of custodial placement generally are resolved by a factbound determination of what is in the best interest of the child . . . as shown by a fair preponderance of the evidence. . . . To determine whether a custodial placement is in the best interest of the child, the court uses its broad discretion to choose a place that will foster the child's interest in sustained growth, development, well-being, and in the continuity and stability of its environment. . . . We have stated that when making the determination of what is in the best interest of the child, [t]he authority to exercise the judicial discretion under the circumstances revealed by the finding is not conferred upon this court, but upon the trial court . . . . Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference. . . . [G]reat weight is given to the judgment of the trial court because of [the court's] opportunity to observe the parties and the evidence. . . . [Appellate courts] are not in a position to second-guess the opinions of witnesses, professional or otherwise, nor the observations and conclusions of the [trial court] when they are based on reliable evidence." (Citation omitted; internal quotation marks omitted.) *In re Valerie G.*, 132 Conn. App. 652, 662–63, 34 A.3d 398 (2011), cert. denied, 303 Conn. 937, 36 A.3d 696 (2012).

Our examination of the record, briefs and arguments of the parties persuades us that the judgment of the trial

[1] We note that on December 20, 2011, the court terminated the grandmother's intervenor status in the case, and on January 3, 2012, *Hon. Michael A. Mack*, judge trial referee, denied the grandmother's subsequent motion to be added as an intervenor. On May 11, 2012, Judge Mack granted petitions to terminate the mother's parental rights.

court should be affirmed. The court's memorandum of decision is thorough and well reasoned, and we adopt it as a proper statement of the facts and the applicable law on the issues raised. See *In re Isaiah J.*, 52 Conn. Sup. 485, 72 A.3d 446 (2011). No useful purpose would be served by repeating the discussion contained therein. See *Gianetti* v. *Gerardi*, 133 Conn. App. 858, 860, 38 A.3d 1211 (2012).

The judgment is affirmed.