******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES D. GIANETTI *v.* ADAM DUNSBY ET AL.
(AC 40419)

Keller, Elgo and Bright, Js.

*Syllabus*

The plaintiff brought this action against the defendant members of the Easton Board of Selectmen for the alleged wrongful denial of certain tax relief to which the plaintiff claimed that he was entitled for elderly homeowners under a municipal ordinance. The ordinance provided that the determination as to whether an applicant's income qualified for tax relief and whether an application was bona fide would be made by the town tax assessor and that an applicant who was denied relief could appeal to the board. Following the denial of his application for tax relief pursuant to the ordinance, the plaintiff appealed to the board, which denied the appeal. The plaintiff thereafter commenced the present action, claiming that the tax assessor and the board wrongfully had denied him tax relief pursuant to the ordinance. The trial court denied the defendants' motion to dismiss, in which they claimed that the trial court lacked subject matter jurisdiction over the plaintiff's action because there was no statutory right to appeal from the board's decision to the Superior Court. Thereafter, following a hearing during which the defendants again raised the issue of the court's subject matter jurisdiction, the trial court render judgment in favor of the defendants, concluding that the plaintiff's claim failed on its merits. On appeal to this court, the plaintiff raised various challenges to the factual findings and evidentiary determinations of the trial court. *Held* that the trial court lacked subject matter jurisdiction over the plaintiff's action, as the plaintiff was not authorized by statute to commence an administrative appeal in the Superior Court challenging the propriety of the board's decision on his tax relief appeal: this court construed the plaintiff's action as an administrative appeal, which is permitted only under statutory authority, and because the plaintiff failed to identify any statutory authority permitting his appeal and the subject ordinance expressly was enacted pursuant to certain enumerated statutes, none of which provided an applicant for municipal tax relief an avenue of appeal in the Superior Court, the trial court lacked jurisdiction to entertain the plaintiff's appeal; moreover, the plaintiff was not entitled to judicial review of the board's decision under the Uniform Administrative Procedure Act (§ 4-166 et seq.), as that act applies only to state agencies and the plaintiff could not satisfy the contested case requirement of the act because the board was not statutorily obligated to determine the plaintiff's rights and privileges with respect to his tax relief appeal; accordingly, because the trial court lacked subject matter jurisdiction over the plaintiff's action, it should have rendered judgment dismissing the action rather than rendering judgment on the merits.

Submitted on briefs March 19—officially released June 26, 2018

*Procedural History*

Action to recover damages for the defendants' alleged wrongful denial of certain tax relief, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Hon. Edward F. Stodolink*, judge trial referee; judgment for the defendants, from which the plaintiff appealed to this court. *Improper form of judgment*; *judgment directed*.

*Charles D. Gianetti*, self-represented, the appellant (plaintiff) filed a brief.

*Peter V. Gelderman* filed a brief for the appellees (defendants).

*Opinion*

ELGO, J. The self-represented plaintiff, Charles D. Gianetti, appeals from the judgment of the Superior Court rendered in favor of the defendants, Adam Dunsby, Robert Lesser, and Scott Centrella, in this action concerning the plaintiff's eligibility for tax relief under a municipal ordinance.[1] On appeal, the plaintiff raises a bevy of challenges to the factual findings and evidentiary determinations of the court. In response, the defendants contend, inter alia, that the court lacked subject matter jurisdiction to entertain the present action. We agree with the defendants and, accordingly, reverse the judgment of the court and remand the case with direction to dismiss the plaintiff's action for lack of subject matter jurisdiction.

This appeal concerns the "2009 Tax Relief For The Elderly Ordinance" (ordinance) enacted by the town of Easton, the stated purpose of which is to assist "elderly homeowners with a portion of the costs of property (real estate) taxation." The ordinance specifies various criteria for relief thereunder. The determination as to whether an applicant's "income qualifies for tax relief," as well as whether the "application is bona fide," is made by the Easton tax assessor (assessor) pursuant to §§ 14 and 15 of the ordinance. The ordinance also provides a mechanism by which an applicant who is denied relief may appeal the assessor's determination. Section 14 (g) states in relevant part that "[a]ny person refused relief for any reason may appeal to the Board of Selectmen whose decision shall be final."

On April 23, 2009, the plaintiff filed an application for tax relief pursuant to the ordinance. After receiving notice that his application had been denied, the plaintiff appealed to the Easton Board of Selectmen (board), on which the defendants served, in accordance with § 14 (g) of the ordinance. Following a hearing, the board sent a letter to the plaintiff, in which the board indicated that it was prepared to deny the plaintiff's appeal. That letter further advised the plaintiff that, if he had any additional information or documentation regarding his eligibility for tax relief under the ordinance, the board would reconsider its determination. When the plaintiff did not respond in any manner, the board sent him another letter informing him that his appeal was denied.

By complaint dated August 31, 2011, the plaintiff commenced a mandamus action against the members of the board stemming from their denial of his appeal. Following a hearing, the court, *Hon. Michael Hartmere,* judge trial referee, rendered a judgment of dismissal in favor of the defendants, concluding that the plaintiff had "failed to establish the essential elements of [his] mandamus action." *Gianetti* v. *Herrmann,* Superior Court, judicial district of Fairfield, Docket No. CV-11-5029623-S (October 30, 2014). The plaintiff did not

appeal from that judgment.

The plaintiff commenced the present action against the defendants on June 22, 2015, approximately six years after the denial of his tax relief appeal by the board. The operative complaint, the plaintiff's August 3, 2015 amended complaint, contains one count titled "Wrongful Denial of Relief Pursuant to the Senior Tax Relief Program Ordinance." In that count, the plaintiff alleged that although he had applied for tax relief pursuant to the ordinance and satisfied the requirements thereof, the assessor "refused the tax relief." The plaintiff further alleged that the board, in denying his appeal, "erroneously and wrongfully denied the relief provided by the [ordinance], and the plaintiff has been harmed thereby."[2]

After filing their answer and special defenses,[3] the defendants filed a motion to dismiss, claiming that the court "does not have subject matter jurisdiction in this matter because there is no statutory right or authorization to appeal the [board's] decision to the Superior Court." The court, *Radcliffe, J.*, heard argument on the motion on August 22, 2016, and thereafter denied the motion to dismiss. The defendants filed a motion for reargument or reconsideration of that determination, which the court denied. In addition, the defendants filed a motion for summary judgment, claiming that "there are no genuine issues of material fact to be tried with respect to the [plaintiff's] complaint." In denying that motion, the court in its order clarified that "relief in this case is not sought nor can it be awarded based upon a claim of mandamus. The only issue here is the action of the [board] in denying the [plaintiff's request for] senior citizen tax relief for the year 2009."

A one day hearing on that issue was held before the court, *Hon. Edward F. Stodolink*, judge trial referee, on January 5, 2017. At that hearing, the plaintiff introduced certain documents into evidence, including copies of the ordinance, his April 23, 2009 application for tax relief, and his 2008 federal income tax return. The plaintiff also testified briefly at that hearing. During his testimony, a colloquy ensued as to the precise nature of the plaintiff's action. The court at that time observed that, "[a]s I understand it, we're testing the propriety of an administrative procedure of the town of Easton for the year 2009; correct?" In response, the defendants' attorney stated: "Testing the propriety? I guess that's correct, Your Honor." The plaintiff then informed the court that his action pertained to "the erroneousness of" the board's decision to deny his appeal. Later in the hearing, the defendants again raised the issue of the court's subject matter jurisdiction over the plaintiff's action.[4] The defendants also advanced that claim in their posttrial brief.

In its memorandum of decision, the court did not resolve the question of subject matter jurisdiction.

Instead, it stated in relevant part: "The court has examined the evidence submitted in this case and the arguments raised by the briefs of the parties. It is the court's determination that the plaintiff's claim fails on its merits." Following a discussion of the merits of the plaintiff's claim of entitlement to tax relief under the ordinance, the court rendered judgment in favor of the defendants, and this appeal followed.

Although the plaintiff raises various challenges to the factual findings and evidentiary determinations of the trial court, "[i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 533, 911 A.2d 712 (2006). As our Supreme Court observed more than a century ago, "[w]henever the absence of jurisdiction is brought to the notice of the court . . . cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) *Woodmont Assn.* v. *Milford*, 85 Conn. 517, 524, 84 A. 307 (1912). Indeed, "[o]nce it becomes clear that the trial court lacked subject matter jurisdiction to hear the plaintiffs' complaint, any further discussion of the merits is pure dicta. Lacking jurisdiction, neither the trial court nor this court should deliver an advisory opinion on matters entirely beyond our power to adjudicate." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 246, 558 A.2d 986 (1989). For that reason, "as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991). In the present case, the court did not comply with that well established precept but, rather, issued a memorandum of decision in which it concluded that the plaintiff's claim failed on its merits.

On appeal, the defendants renew their claim that the court lacked subject matter jurisdiction over the plaintiff's complaint. "A determination regarding a trial court's subject matter jurisdiction is a question of law over which we exercise plenary review. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Reinke* v. *Sing*, 328 Conn. 376, 382, 179 A.3d 769 (2018).

As a preliminary matter, the defendants submit that the present action can be construed only as an administrative appeal from the decision of the board denying the appeal, brought by the plaintiff pursuant to § 14 (g)

of the ordinance, from the tax relief determination of the assessor. They argue that the operative complaint does not allege any cognizable cause of action and emphasize that the plaintiff's prior mandamus action against the board was dismissed years ago. See *Gianetti* v. *Herrmann*, supra, Superior Court, Docket No. CV-11-5029623-S. Furthermore, in denying the defendants' motion for summary judgment, the court in the present case specifically found that "relief in this case is not sought nor can it be awarded based upon a claim of mandamus. The only issue here is the action of the [board] in denying the [plaintiff's request for] senior citizen tax relief for the year 2009." Because the operative complaint names the board's members as defendants and alleges that the board "erroneously and wrongly" denied the plaintiff's appeal, the defendants maintain that the present action may "only be characterized as an administrative appeal." We agree with that assessment. Our task, therefore, is to determine whether the plaintiff was authorized under Connecticut law to commence an administrative appeal in the Superior Court from the decision of the board on this municipal tax relief matter.

We begin by noting that, "with respect to administrative appeals generally, there is no absolute right of appeal to the courts from a decision of an administrative [body]. . . . Appeals to the courts from administrative [bodies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from [an administrative body's] decision."[5] (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 756, 900 A.2d 1 (2006); accord *Delagorges* v. *Board of Education*, 176 Conn. 630, 633, 410 A.2d 461 (1979) ("[our Supreme Court] has repeatedly held that appeals to the courts from administrative officers or [bodies] may be taken only when a statute provides authority for judicial intervention").

The plaintiff has not identified, and we have not discovered, any statutory authority permitting him to appeal from the decision of the board on this municipal tax relief matter to the Superior Court.[6] The ordinance in question expressly was enacted pursuant to the provisions of General Statutes §§ 12-129n, 12-170aa, and 12-129b through 12-129d.[7] None of those statutes provides an applicant for municipal tax relief an avenue of appeal in the Superior Court.[8] The Superior Court, therefore, lacks jurisdiction to entertain an appeal commenced pursuant thereto. See *Tazza* v. *Planning & Zoning Commission*, 164 Conn. 187, 190, 319 A.2d 393 (1972) ("unless a statute provides for such [administrative] appeals courts are without jurisdiction to entertain them").

Resort to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., is equally unavailing. The UAPA "applies only to state agencies . . . ." *Edwards* v. *Code Enforcement Committee*, 13 Conn. App. 1, 3, 534 A.2d 617 (1987). In *Maresca* v. *Ridgefield*, 35 Conn. App. 769, 772 n.2, 647 A.2d 751 (1994), this court held that, because a "board of selectmen . . . does not meet the statutory definition of an agency" set forth in § 4-166 (1), the plaintiff could not commence an administrative appeal against that board pursuant to the UAPA. Furthermore, even if the plaintiff could surmount that shortcoming, he still could not satisfy the contested case requirement of the UAPA. See *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 442–43, 870 A.2d 448 (2005). As our Supreme Court explained in *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 705, 620 A.2d 780 (1993), even when an administrative body conducts a hearing on a given matter, "that does not constitute a matter as a 'contested case' under § 4-166 (2) unless the plaintiff's rights or privileges are 'statutorily' required to be determined by the agency. If the plaintiff's rights or privileges are not 'statutorily' required to be determined by the agency, a 'contested case' does not exist and a plaintiff would have no right to appeal pursuant to [General Statutes] § 4-183 (a)." Because the General Statutes contain no provision obligating the board to determine the plaintiff's rights and privileges with respect to his municipal tax relief appeal, a contested case does not exist pursuant to § 4-166 (2). For those reasons, the plaintiff in the present case is not entitled to judicial review under the UAPA.

Neither § 4-183 (a) of the UAPA nor any other provision of the General Statutes provides applicants for municipal tax relief an avenue of appellate review in the Superior Court. We therefore conclude that the Superior Court lacked subject matter jurisdiction over the plaintiff's action challenging the propriety of the board's decision on his tax relief appeal.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to dismiss the plaintiff's action for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] Oral argument on this appeal was scheduled for the morning of March 19, 2018. The plaintiff did not appear at that time and did not contact the court or the clerk's office regarding his failure to appear. Counsel for the defendants did appear and indicated on the record that he had not heard from the plaintiff. Attempts made by both the clerk of court and opposing counsel to reach the plaintiff by telephone that morning were unsuccessful. With the consent of the defendants' counsel, this court, therefore, took the matter on the record and the briefs submitted.

[2] In the sole count of his complaint, the plaintiff alleged in full:

"1. [The plaintiff] is a resident of Easton, Connecticut.

"2. [The defendants] at all times hereinafter mentioned are the selectmen of [Easton].

"3. [Easton] has a Senior Tax Relief Program ordinance.

"4. The plaintiff applied for tax relief for tax year 2009.

"5. The plaintiff met all qualifying provisions of the ordinance.

"6. The plaintiff submitted the financial information required by the ordinance.

"7. The [assessor] refused the tax relief.

"8. The [board] denied the plaintiff's appeal.

"9. The plaintiff has a clear legal right to the relief provided by the ordinance.

"10. The [board] erroneously and wrongfully denied the relief provided by the tax relief ordinance, and the plaintiff has been harmed thereby."

[3] In their special defenses, the defendants raised the doctrines of collateral estoppel and res judicata, alleging in relevant part that the present action "should be barred in its entirety as a matter of law because the exact same claim for tax relief as pleaded here was fully adjudicated on the merits in *Gianetti* v. *Herrmann*, [supra, Superior Court, Docket No. CV-11-5029623-S]." The defendants also alleged that the plaintiff's action was untimely and subject to preclusion pursuant to the doctrine of laches.

[4] When the plaintiff concluded his testimony, the defendants' attorney reiterated the subject matter jurisdiction claim raised by the defendants, stating in relevant part: "[The plaintiff's action is] an appeal from the decision of the [board], since he names the selectmen as the defendants in this case, [and] I don't think the court has any jurisdiction over that, because in order to be able to take an appeal from an administrative act . . . that right has to be set forth in the statute. There has to be a statutory right to take an appeal. There is none either in the ordinance or in the enabling legislation . . . ."

[5] "In hearing administrative appeals . . . the Superior Court acts as an appellate body." *Fagan* v. *Stamford*, 179 Conn. App. 440, 443 n.2, 180 A.3d 1 (2018).

[6] We note that although he is not a lawyer licensed to practice in this state, the plaintiff is not an inexperienced litigant. See, e.g., *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 43 A.3d 567 (2012); *Gianetti* v. *Siglinger*, 279 Conn. 130, 900 A.2d 520 (2006); *Gianetti* v. *Rutkin*, 142 Conn. App. 641, 70 A.3d 104 (2013); *Gianetti* v. *Gombos*, 142 Conn. App. 197, 64 A.3d 369, cert. denied, 309 Conn. 918, 70 A.3d 40 (2013); *Gianetti* v. *Riether*, 139 Conn. App. 909, 56 A.3d 474 (2012), cert. denied, 308 Conn. 921, 94 A.3d 638 (2013); *Gianetti* v. *Connecticut Newspapers Publishing Co.*, 136 Conn. App. 67, 44 A.3d 191, cert. denied, 307 Conn. 923, 55 A.3d 567 (2012); *Gianetti* v. *Gerardi*, 133 Conn. App. 858, 38 A.3d 1211 (2012); *Gianetti* v. *Anthem Blue Cross & Blue Shield of Connecticut*, 111 Conn. App. 68, 957 A.2d 541 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009); *Gianetti* v. *American Fabrics Co.*, Superior Court, judicial district of Fairfield, Docket No. CV-02-0394671-S (April 15, 2004).

[7] Section 12-129n is titled "Optional municipal property tax relief program for certain homeowners age sixty-five or over or permanently and totally disabled." Section 12-170aa is titled "Tax relief for certain elderly or totally disabled homeowners. Reductions in real property taxes." Section 12-129b is titled "Real property tax relief for certain persons sixty-five years of age or over." Section 12-129c is titled "Application for real property tax relief for certain persons sixty-five years of age or over. Biennial requirements. Penalty for false affidavit or false statement." Section 12-129d is titled "State payment in lieu of tax revenue."

[8] We note that our General Statutes expressly provide a right of appeal to the Superior Court from particular decisions of a municipal board of selectmen. For example, General Statutes § 13a-39 authorizes a board of selectmen to define the boundaries of a highway in their municipality that "have been lost or become uncertain . . . ." Pursuant to General Statutes § 13a-40, "[a]ny person aggrieved by such decision may appeal to the superior court for the judicial district where such highway is situated within ten days after notice of such decision has been given . . . ."