******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## ARTHUR PETRUCELLI *v.* CITY OF MERIDEN
### (AC 39631)

Prescott, Moll and Flynn, Js.

*Syllabus*

The petitioner appealed to the Superior Court from the decision of the citation hearing officer for the respondent city upholding the issuance of a written notice to the petitioner for violation of the city's ordinance concerning abandoned, inoperable, or unregistered motor vehicles. After a de novo hearing, the trial court rendered judgment in favor of the city, and directed the city to enforce the judgment. On appeal to this court, the petitioner claimed, among other things, that the court erroneously concluded that his due process rights had not been violated. *Held* that the trial court should have dismissed the petition for lack of subject matter jurisdiction rather than addressing any of the petitioner's claims in the petition and directing the city to enforce the judgment: the petitioner did not have a statutory right to appeal to the Superior Court from the hearing officer's decision as the statute (§ 14-150a) pursuant to which the city expressly enacted the motor vehicle ordinance did not contain any language providing that an aggrieved individual had a right of appeal to the Superior Court from an adverse decision concerning a violation of an ordinance enacted pursuant to the statute; moreover, the petitioner could not prevail on his claim that a certain statute (§ 7-152b) enabled him to appeal as the hearing officer's determination of a violation was based on § 14-150a, a statute that is not listed in § 7-152b, and the hearing officer's decision was not an assessment for purposes of that statute, which unequivocally provided that the procedures set forth therein applied when a city sought to collect fines, penalties, costs, or fees imposed for alleged violations of ordinances enacted pursuant to certain statutes, and an assessment entered under § 7-152b required the payment of a monetary sum, which the hearing officer did not order the petitioner to pay; furthermore, our rule of practice (§ 23-51), which the petitioner also claimed enabled him to appeal, sets forth the procedures for the filing of a petition to reopen and the proceeding to be held on the petition, and does not confer a right to appeal.

Argued November 14, 2019—officially released July 7, 2020

*Procedural History*

Petition to reopen a citation assessment issued by the respondent, brought to the Superior Court in the judicial district of New Haven, geographical area number seven, where the court, *Cronan, J.*, rendered judgment for the respondent, from which the petitioner appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed.*

*Jeffrey D. Brownstein*, for the appellant (petitioner).

*Stephanie Dellolio*, city attorney, with whom, on the brief, was *Deborah Leigh Moore*, former city attorney, for the appellee (respondent).

*Opinion*

MOLL, J. The petitioner, Arthur Petrucelli, appeals from the judgment of the trial court rendered in favor of the respondent, the city of Meriden (city), following a de novo hearing held on his petition to reopen a decision issued by a city hearing officer upholding the issuance of a written notice to the petitioner for violation of the city's ordinance concerning abandoned, inoperable, or unregistered motor vehicles. On appeal, the petitioner claims that the court (1) erroneously concluded that his due process rights had not been violated, (2) improperly denied his posthearing motion to reopen the evidence or, in the alternative, to take judicial notice, and (3) committed several evidentiary errors during the de novo hearing. We do not reach the merits of the petitioner's claims, however, because we conclude that the petitioner did not have a statutory right to appeal to the Superior Court from the hearing officer's decision and, therefore, the trial court lacked subject matter jurisdiction to entertain the petition. Accordingly, the form of the trial court's judgment is improper, and we reverse the judgment and remand the case with direction to dismiss the petition for lack of subject matter jurisdiction.

The following facts are relevant to our resolution of this appeal. In 1998, pursuant to General Statutes § 14-150a,[1] the city enacted chapter 198 of the Code of the City of Meriden (motor vehicle ordinance). The motor vehicle ordinance provides in relevant part as follows. Pursuant to § 198-4 of the motor vehicle ordinance, "[i]t shall be unlawful to deposit, park, place, permit to remain, store or have any abandoned or inoperable or unregistered motor vehicle or any part thereof on any property located within the City of Meriden." Pursuant to subsection (A) of § 198-6 of the motor vehicle ordinance, any sworn city police officer, upon finding on private property "any motor vehicle which appears to be abandoned, inoperable or unregistered," shall (1) "[c]ause a general notice to be placed in a newspaper having a substantial circulation in the City of Meriden" providing, inter alia, that the motor vehicle is under investigation as being abandoned, inoperable, or unregistered, and will be removed and disposed of by the city unless it is removed and properly disposed of within thirty days following publication of the notice, and (2) send a written notice to the owner of the private property, with a copy to the last registered owner of the motor vehicle, if known, at his or her last known address, requesting removal of the motor vehicle within thirty days following the publication of the notice in the newspaper and describing the procedure for an appeal to a hearing officer. The subsection further provides that, if the motor vehicle has not been removed by the expiration of the thirty day period, then the motor vehicle will be removed by the city chief of police

or his or her authorized agent.

Pursuant to subsection (C) of § 198-6 of the motor vehicle ordinance, the owner of the private property or the last registered owner of the motor vehicle may contest the determination that the motor vehicle is abandoned, inoperable, or unregistered by submitting to the city manager, within the thirty day period, a written application for a hearing. The subsection further provides in relevant part that "[t]he hearing officer shall proceed with reasonable dispatch to conclude any matter pending before him and render a decision. The hearing officer shall provide both parties with written notice of his decision, which shall state the reason for his determination. If the hearing officer determines that the motor vehicle is in violation of [the motor vehicle ordinance], said motor vehicle must be removed within the thirty-day period or within five days from the issuance of the hearing officer's decision, whichever is later."

Pursuant to subsection (E) of § 198-6 of the motor vehicle ordinance, if the motor vehicle has not been removed or brought into compliance with the motor vehicle ordinance at the expiration of the thirty day period, then it "shall be caused to be removed and stored by an authorized agent of the [city] Chief of Police." The subsection further provides that, within forty-eight hours following the removal and storage of the motor vehicle, the city police department shall give written notice to the owner of the motor vehicle, if known, inter alia, that the motor vehicle has been taken into custody and stored and may be sold and/or destroyed after either fifteen or ninety days, depending on the market value of the motor vehicle, and that the owner has the rights to retrieve the motor vehicle by paying all associated costs and to appeal the sale of the motor vehicle under the procedure set forth in subsection (C) of the motor vehicle ordinance.

The trial court set forth the following relevant procedural history in its memorandum of decision dated September 2, 2016. "On June 16, 2015, the [petitioner] was sent a certified letter concerning a claim of abandoned, inoperable, or unregistered motor vehicles on property located at 144 Lincoln Street in the city of Meriden. The city took this action under [the motor vehicle ordinance]. . . . On July 2, 2015, the [petitioner] requested a hearing before a city hearing officer which was scheduled for July 27, 2015. On July 23, 2015, the [petitioner] requested a postponement of the hearing. During this time period, the city sent the [petitioner] additional letters concerning abandoned, inoperable, or unregistered motor vehicles on his properties located at 109 Lincoln Street and 48 Bradley Avenue.

"Under [the motor vehicle ordinance], a notice of the actions [was] published in the Meriden Record Journal on August 2, 2015. A new hearing date was scheduled for

August 19, 2015. The [petitioner] once again requested a postponement, [which] was granted until September 28, 2015. A hearing was held on this date and continued until October 26, 2015. The city citation hearing officer, subsequent to the hearings, issued an adverse decision and under the [motor vehicle ordinance], the [petitioner] was required to remove the vehicles in question within five days of the hearing officer's decision . . . ." The hearing officer further ordered that, "[a]fter the expiration of the five day period, the abandoned motor vehicles are subject to action by the Meriden Police Department."

In November, 2015, the petitioner commenced the present action by filing a petition to reopen the hearing officer's decision, which he referred to as an "assessment." The petitioner asserted that he was filing the petition pursuant to General Statutes § 7-152b (g)[2] and Practice Book § 23-51.[3] The petition[4] set forth fourteen numbered paragraphs asserting various claims. The petitioner requested that the trial court conduct a de novo hearing and grant relief by, inter alia, reversing the hearing officer's decision and providing certain injunctive relief.

The trial court held a one day de novo hearing on the petition on March 31, 2016.[5] On August 16, 2016, the petitioner filed a posthearing motion to reopen the evidence to allow him to introduce the hearing officer's case file or, in the alternative, to submit the case file to the court to take judicial notice thereof. On August 17, 2016, the court denied that motion.

On September 2, 2016, the court issued a memorandum of decision rendering judgment in favor of the city. After dismissing thirteen of the fourteen claims that the petitioner set forth in the petition, the court stated that it "rejects the [petitioner's] claims and finds the [petitioner] in violation of § 198-4 of the [motor vehicle ordinance] with respect to all abandoned, inoperable, or unregistered vehicles located on the [petitioner's] property at 144 Lincoln Street, 109 Lincoln Street, and 48 Bradley Avenue, all in the city of Meriden. The one exception would be [a] red 1994 BMW located at 48 Bradley Avenue if, in fact, this vehicle is still the subject of a Probate Court action. The court hereby directs the city of Meriden to enforce this judgment under [§] 198-6 (C) of the [motor vehicle ordinance]."[6] This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the petitioner raises a number of claims concerning the judgment rendered in the city's favor on his petition to reopen. As a threshold matter, however, we must determine whether the petitioner had statutory authorization to appeal to the Superior Court from the hearing officer's decision, which implicates the trial court's subject matter jurisdiction. See *Gianetti* v. *Dunsby*, 182 Conn. App. 855, 863–64, 191 A.3d 260

(2018) (trial courts lack subject matter jurisdiction to entertain administrative appeals in absence of statutory authorization), citing *Tazza* v. *Planning & Zoning Commission*, 164 Conn. 187, 190, 319 A.2d 393 (1972). For the reasons that follow, we conclude that the petitioner did not have a statutory right to appeal to the Superior Court from the hearing officer's decision, and, therefore, the trial court lacked subject matter jurisdiction over the petition to reopen.

"Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal."[7] (Internal quotation marks omitted.) *In re Probate Appeal of Knott*, 190 Conn. App. 56, 61, 209 A.3d 690 (2019).

"[W]ith respect to administrative appeals generally, there is no absolute right of appeal to the courts from a decision of an administrative [body]. . . . Appeals to the courts from administrative [bodies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from [an administrative body's] decision.[8]" (Footnote in original; internal quotation marks omitted.) *Gianetti* v. *Dunsby*, supra, 182 Conn. App. 862.

We begin by noting that § 14-150a, pursuant to which the city expressly enacted the motor vehicle ordinance, does not contain any language providing that an aggrieved individual has a right to appeal to the Superior Court from an adverse decision concerning a violation of an ordinance enacted pursuant to the statute. See footnote 1 of this opinion. Similarly, although the motor vehicle ordinance sets forth a hearing procedure for an aggrieved individual to utilize to contest a notice of violation thereof before a hearing officer, the ordinance does not contain any provision indicating that a right to appeal from an adverse decision issued by a hearing officer exists under a particular statute. The petitioner does not assert otherwise. Instead, the petitioner claims that § 7-152b (g) and Practice Book § 23-51 enabled him to appeal, by filing the petition to reopen, to the Superior Court from the hearing officer's decision. We are not persuaded.

Our resolution of the petitioner's claim requires us to interpret § 7-152b and Practice Book § 23-51. "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Scroggin*, 194 Conn. App. 843, 851–52, 222 A.3d 1025 (2019). The rules of statutory interpretation equally apply when construing rules of practice. See *Compass Bank* v. *Dunn*, 196 Conn. App. 43, 46–47, A.3d (2020).

Section 7-152b (a) provides that "[a]ny town, city or borough may establish by ordinance a parking violation hearing procedure in accordance with this section. The Superior Court shall be authorized to enforce the assessments and judgments provided for under this section." Section 7-152b (c) permits a town, city, or borough, within two years following the "expiration of the final period for the uncontested payment of fines, penalties, costs or fees for any alleged violation under any ordinance adopted pursuant to section 7-148 or sections 14-305 to 14-308, inclusive," to send notice to the operator of the motor vehicle, if known, or the registered owner of the motor vehicle informing him or her (1) of the allegations against him or her and the amount of the fines, penalties, costs or fees due, (2) that he or she may contest his or her liability before a parking violations hearing officer, (3) that an assessment and judgment shall enter against him or her if no hearing is demanded, and (4) that such judgment may issue without additional notice.

Section 7-152b (d) provides in relevant part that if a person wishes to admit liability, then "such person may, without requesting a hearing, pay the full amount of the fines, penalties, costs or fees admitted to in person or by mail . . . . Any person who does not deliver or mail written demand for a hearing [within the applicable

time period] shall be deemed to have admitted liability, and the designated town official shall certify such person's failure to respond to the hearing officer. The hearing officer shall thereupon enter and assess the fines, penalties, costs or fees provided for by the applicable ordinances and shall follow the procedures set forth in subsection (f) of this section." Section 7-152b (e) provides in relevant part that if a hearing officer, following a hearing authorized by the statute, determines that the person is liable for the violation that he or she is contesting, then the hearing officer "shall forthwith enter and assess the fines, penalties, costs or fees against such person as provided by the applicable ordinances . . . ." Section 7-152b (f) provides in relevant part that "[i]f such assessment is not paid on the date of its entry," then the hearing officer shall send notice of the assessment to the person found liable and shall file a certified copy of the notice of assessment, together with an $8 entry fee, with the appropriate Superior Court clerk, who shall enter judgment "in the amount of such record of assessment[9] and court costs of eight dollars" against the person and in favor of the town, city or borough. (Footnote added.) Section 7-152b (f) further provides that "[n]otwithstanding any provision of the general statutes, the hearing officer's assessment, when so entered as a judgment, shall have the effect of a civil money judgment and a levy of execution on such judgment may issue without further notice to such person." Section 7-152b (g) provides in relevant part that "[a] person against whom an *assessment* has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee . . . at the Superior Court facility designated by the Chief Court Administrator . . . ." (Emphasis added.)

Whether § 7-152b (g) authorized the petitioner to appeal, by filing the petition to reopen, to the Superior Court from the hearing officer's decision is dependent on whether the decision constituted an "assessment" under § 7-152b. A plain reading of § 7-152b leads us to conclude that the hearing officer's decision was not an assessment for purposes of the statute. First, § 7-152b (c) unequivocally provides that the procedures set forth therein apply when a town, city, or borough seeks to collect fines, penalties, costs, or fees imposed for alleged violations of ordinances enacted pursuant to General Statutes §§ 7-148 or 14-305 through 14-308, inclusive. In the present case, the hearing officer determined that the petitioner had violated the motor vehicle ordinance, which was adopted pursuant to § 14-150a, a statute that is not listed in § 7-152b (c).

Second, it is evident that an "assessment" entered under § 7-152b requires the payment of a monetary sum. Section 7-152b (c) allows a town, city, or borough seek-

ing to pursue "fines, penalties, costs, or fees" for the violation of an ordinance covered by the statute to send a notice informing the operator or registered owner of the motor vehicle, inter alia, of the "amount of the fines, penalties, costs, or fees due . . . ." Section 7-152b (d) enables a person wishing to admit liability to "pay the full amount of the fines, penalties, costs or fees . . . ." If the person does not demand a hearing, then he or she shall be deemed to have admitted liability and the hearing officer, upon certification of the person's failure to demand a hearing, shall "enter and assess the fines, penalties, costs or fees . . . ." General Statutes § 7-152b (d). Section 7-152b (e) requires the hearing officer, upon determining, following a hearing authorized by the statute, that a person has committed the violation that he or she is contesting, to "enter and assess the fines, penalties, costs or fees against such person . . . ." Section 7-152b (f) provides in relevant part that if the "assessment is not paid on the date of its entry," then notice of the assessment will be sent to the violator and a certified copy thereof will be sent, along with an entry fee, to the appropriate Superior Court clerk, who must enter judgment "in the amount of such record of assessment and court costs of eight dollars," and, when the hearing officer's assessment is entered as a judgment, it "shall have the effect of a civil money judgment and a levy of execution on such judgment may issue without further notice to such person." In the present case, in upholding the notice of violation issued to the petitioner, the hearing officer did not order the petitioner to pay a monetary sum; rather, the hearing officer ordered that the petitioner's motor vehicles had to "be removed within five (5) days of the issuance of [the] decision" and that "[a]fter the expiration of the five day period, the abandoned motor vehicles [will be] subject to action by the Meriden Police Department."[10]

In light of the foregoing, the hearing officer's decision was not an assessment for purposes of § 7-152b. Therefore, § 7-152b (g) did not provide the petitioner with a statutory right to appeal to the Superior Court from the hearing officer's decision.

The petitioner's reliance on Practice Book § 23-51 is also misplaced. Section 23-51 sets forth the procedures for the filing of a petition to reopen and the proceeding to be held on the petition. See footnote 3 of this opinion. It does not confer a right to appeal. See *Chanosky* v. *City Building Supply Co.*, 152 Conn. 449, 451, 208 A.2d 337 (1965) ("The right to an appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted.").

The petitioner does not cite to any other statutory authority in support of his claim that he had a statutory right to appeal to the Superior Court from the hearing officer's decision, and we are unaware of any such

authority.[11] Without a statute providing him with an avenue of appeal, we conclude that the trial court lacked subject matter jurisdiction to entertain the petitioner's petition to reopen.[12] Accordingly, rather than addressing any of the petitioner's claims in the petition and directing the city to enforce the judgment, the trial court should have dismissed the petition for lack of subject matter jurisdiction.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to dismiss the petitioner's petition to reopen for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] General Statutes § 14-150a provides: "Any municipality may, by action of its legislative body, provide for the removal of abandoned, inoperable or unregistered motor vehicles within the limits of such municipality which remain unmoved for thirty days after: (1) Notice to the owner of the property on which such motor vehicle so remains, requesting removal of such motor vehicle and (2) notice in a newspaper having a substantial circulation in such municipality. The legislative body shall designate the local board or officer who shall be responsible for notifying such owner, causing publication of the general notice and for removal and disposition of such motor vehicles."

[2] General Statutes § 7-152b provides in relevant part: "(a) Any town, city or borough may establish by ordinance a parking violation hearing procedure in accordance with this section. The Superior Court shall be authorized to enforce the assessments and judgments provided for under this section.

* * *

"(g) A person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee in an amount equal to the entry fee for a small claims case pursuant to section 52-259, at the Superior Court facility designated by the Chief Court Administrator, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court."

[3] Practice Book § 23-51 provides: "(a) Any aggrieved person who wishes to appeal a parking or citation assessment issued by a town, city, borough or other municipality shall file with the clerk of the court within the time limited by statute a petition to open assessment with a copy of the notice of assessment annexed thereto. A copy of the petition with the notice of assessment annexed shall be sent by the petitioner by certified mail to the town, city, borough or municipality involved.

"(b) Upon receipt of the petition, the clerk of the court, after consultation with the presiding judge, shall set a hearing date on the petition and shall notify the parties thereof. There shall be no pleadings subsequent to the petition.

"(c) The hearing on the petition shall be de novo. There shall be no right to a hearing before a jury."

[4] The petition was captioned as a "Petition to Reopen Assessment." We observe that § 7-152b (g) provides that a person against whom a parking assessment has been entered may institute an appeal by filing a "petition to *reopen* assessment . . . ." (Emphasis added.) By comparison, Practice Book § 23-51 (a) provides that an aggrieved person may appeal from a parking assessment by filing a "petition to *open* assessment . . . ." (Emphasis added.) We will refer to the petition as a petition to "reopen" the "assessment" in conformity with the language of § 7-152b (g).

[5] On April 14, 2016, after completing a de novo hearing on a separate matter involving the parties, the court briefly reopened the evidence in the present case to address requests by the petitioner to mark an exhibit for identification and to admit into evidence a separate exhibit as a full exhibit.

[6] In asserting a violation of his due process rights, one of the petitioner's contentions is that the hearing officer determined that he was in violation of the motor vehicle ordinance with respect to motor vehicles located at 144 Lincoln Street only and that it was improper for the trial court, in deciding his petition to reopen, to consider whether he had violated the

motor vehicle ordinance with respect to motor vehicles located at 109 Lincoln Street and 48 Bradley Avenue. We do not address the merits of that contention because the trial court lacked subject matter jurisdiction over the petitioner's petition to reopen.

[7] On January 21, 2020, after previously having heard oral argument from the parties, we sua sponte ordered the parties to file supplemental briefs addressing: "(1) Whether the decision of the hearing officer, dated October 26, 2015, constituted an 'assessment' subject to judicial review pursuant to . . . § 7-152b (g) and Practice Book § 23-51; and (2) if not, whether any other statute authorized an appeal to the trial court in this case." The parties have filed supplemental briefs in accordance with our order.

[8] "'In hearing administrative appeals . . . the Superior Court acts as an appellate body.' *Fagan* v. *Stamford*, 179 Conn. App. 440, 443 n.2, 180 A.3d 1 (2018)." *Gianetti* v. *Dunsby*, supra, 182 Conn. App. 862 n.5.

[9] Pursuant to § 7-152b (f), "[t]he certified copy of the notice of assessment shall constitute a record of assessment."

[10] The petitioner points to subsection (D) of § 198-6 of the motor vehicle ordinance in support of his assertion that the hearing officer's decision was an assessment for purposes of § 7-152b. Subsection (D) of § 198-6 provides that "[i]n the event that a motor vehicle is not removed prior to the expiration of the thirty-day period [following publication of the notice in the newspaper] and is therefore removed by the [city] Chief of Police or an authorized agent, the last registered owner of the motor vehicle and the owner of the property from which the motor vehicle was removed shall be jointly and severally liable for all costs of such removal, storage or sale of said motor vehicle, and a lien for such cost shall be placed on the real property from which the motor vehicle was removed. Notwithstanding the above, if the owner of the property upon which the motor vehicle is found notifies the [city] Chief of Police, in writing, that said motor vehicle was abandoned and that the owner of said property is not the owner of said motor vehicle and consents to its removal prior to the expiration of the thirty-day period, the owner of said property shall not be liable for any costs associated with removal, storage or sale of said vehicle." Here, the hearing officer's decision did not impose any costs on the petitioner, and there is no indication in the record that the city has removed the petitioner's vehicles and charged the petitioner with the costs of removal. Furthermore, even if the hearing officer's decision required the petitioner to pay a monetary sum, the decision nevertheless would be outside the ambit of § 7-152b because the procedures set forth therein pertain only to violations of ordinances enacted pursuant to §§ 7-148 and 14-305 through 14-308, inclusive. General Statutes § 7-152b (c). As we have noted, the motor vehicle ordinance was adopted pursuant to § 14-150a. Thus, the petitioner's reliance on subsection (D) of § 198-6 of the motor vehicle ordinance is misguided.

[11] Although the petitioner does not rely on the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., we observe that the UAPA did not authorize an appeal to the Superior Court from the hearing officer's decision. "The UAPA provides a statutory framework within which an appeal from an administrative *agency* may be taken." (Emphasis in original.) *Maresca* v. *Ridgefield*, 35 Conn. App. 769, 771 n.2, 647 A.2d 751 (1994). Section 4-166 (1) defines " '[a]gency' " to mean "each *state* board, commission, department or officer authorized by law to make regulations or to determine contested cases, but does not include either house or any committee of the General Assembly, the courts, the Council on Probate Judicial Conduct, the Governor, Lieutenant Governor or Attorney General, or town or regional boards of education, or automobile dispute settlement panels established pursuant to section 42-181 . . . ." (Emphasis added.) As the statutory definition of agency illustrates, "[t]he UAPA applies only to state agencies . . . ." (Internal quotation marks omitted.) *Gianetti* v. *Dunsby*, supra, 182 Conn. App. 864. The hearing officer is not an agency for purposes of the UAPA, and, therefore, the UAPA is inapplicable.

Additionally, we observe that, pursuant to General Statutes § 7-148 (c) (7) (H) (xv), the city has enacted an anti-blight ordinance codified in chapter 159 of its city code (anti-blight ordinance). Pursuant to § 159-3 of the anti-blight ordinance, a property is blighted, inter alia, if "[p]arking lots/areas are left in a state of disrepair or abandonment and/or are used to store abandoned or unregistered vehicles" and/or the property is "not being maintained" in that "[a]bandoned, wrecked, or junked motor vehicles are stored on the premises." Pursuant to § 159-6 of the anti-blight ordinance, violations of the anti-blight ordinance are "punishable by a fine of $100 for each day a violation exists and continues." The city may enforce a violation pursuant

to § 159-7 of the anti-blight ordinance "by citation, in addition to other remedies, in accordance with [General Statutes § 7-152c]." Section 7-152c, which largely parallels § 7-152b, enables municipalities to establish "a citation hearing procedure" in accordance therewith and sets forth procedures for a municipality to follow in seeking the payment of fines, penalties, costs or fees owed "for any citation issued under any ordinance adopted pursuant to section 7-148 or section 22a-226d, for an alleged violation thereof . . . ." General Statutes § 7-152c (a) and (c). An "assessment" entered pursuant to § 7-152c may be appealed to the Superior Court. General Statutes § 7-152c (g). In the present case, the city issued to the petitioner, and the hearing officer upheld, a notice of violation of the motor vehicle ordinance. The petitioner was not alleged to have violated the anti-blight ordinance. Accordingly, § 7-152c (g) conferred no right to the petitioner to appeal from the hearing officer's decision.

[12] To the extent his argument can be distilled, the petitioner asserts that he is entitled to judicial review of the hearing officer's decision because it implicates his due process rights respecting his property interest in his motor vehicles, and, thus, he may obtain judicial review of the hearing officer's decision by seeking injunctive relief pursuant to General Statutes § 52-471 et seq. and/or by an action for a declaratory judgment. We need not determine whether the petitioner may file an independent action to obtain judicial review of the hearing officer's decision. The dispositive question before us is whether the trial court had subject matter jurisdiction to entertain the petitioner's petition to reopen, through the filing of which the petitioner sought to commence an administrative appeal from the hearing officer's decision. Notwithstanding any proper avenues of recourse available to him, the petitioner was not entitled to seek judicial review of the hearing officer's decision by way of an administrative appeal.