******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TALIB SHAHEER *v.* COMMISSIONER
OF CORRECTION
(AC 43685)

Bright, C. J., and Alvord and Elgo, Js.

*Syllabus*

The petitioner, who had been convicted, on a plea of guilty, of the crimes of robbery in the second degree and tampering with physical evidence, sought a writ of habeas corpus, claiming that his trial counsel rendered ineffective assistance by, inter alia, failing to provide timely notice of his intention to use expert testimony in support of a duress defense. The habeas court rejected the petitioner's ineffective assistance of counsel claims and, with respect to his assertion that trial counsel failed to timely raise a defense of duress, the court found it to be without merit. Thereafter, the habeas court rendered judgment denying the habeas petition, and the petitioner, on the granting certification, appealed to this court. *Held* that the judgment of the habeas court denying the petition for a writ of habeas corpus was affirmed; the habeas court having thoroughly addressed the petitioner's argument that his counsel's representation was constitutionally ineffective, this court adopted the habeas court's well reasoned decision as a proper statement of the relevant facts and applicable law on that issue.

Argued February 16—officially released September 14, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Seeley, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*J. Christopher Llinas*, assigned counsel, for the appellant (petitioner).

*Linda F. Currie*, senior assistant state's attorney, with whom, on the brief, were *Sharmese Hodge*, state's attorney, *Leah Hawley*, senior assistant state's attorney, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Talib Shaheer, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected his claim of ineffective assistance of trial counsel. We affirm the judgment of the habeas court.

The defendant was charged in a nine count information with one count of felony murder in violation of General Statutes § 53a-54c; one count of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B); one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (1); two counts of tampering with physical evidence in violation of General Statutes (Rev. to 2013) § 53a-155 (a) (1); one count of hindering prosecution in the second degree in violation of General Statutes § 53a-166; one count of false statement in the second degree in violation of General Statutes (Rev. to 2013) § 53a-157b; one count of interfering with an officer in violation of General Statutes § 53a-167a; and one count of tampering with a witness in violation of General Statutes § 53a-151. On April 16, 2015, the state filed a substitute information, and the petitioner entered pleas under the *Alford* doctrine[1] to one count of robbery in the second degree in violation of General Statutes § 53a-135 (a) (1) (B) and one count of tampering with physical evidence in violation of § 53a-155 (a) (1). He was sentenced to a total effective term of fifteen years of incarceration.

The petitioner initiated this matter by filing a petition for a writ of habeas corpus. In his operative petition, the petitioner alleged that his trial counsel, Attorney Bruce Lorenzen, rendered ineffective assistance in violation of his state and federal constitutional rights. Specifically, he claimed that Lorenzen's performance was deficient for, inter alia, failing to investigate certain witnesses, failing to timely raise a defense of duress, failing to provide critical information and/or correct information to the petitioner, and failing to review the strengths and weaknesses of the state's evidence.[2] Following a habeas trial, the court denied the petition for a writ of habeas corpus. With respect to the petitioner's claim that Lorenzen was ineffective for failing to timely raise a defense of duress, the court found it to be without merit. Specifically, it determined that, "to the extent the petitioner is asserting a claim that he pleaded guilty because he felt his duress defense was not going to be presented to the jury due to late disclosure, his claim is not credible." On November 1, 2019, the court granted the petition for certification to appeal.

The principal issue raised by the petitioner in this appeal is that the court improperly rejected his claim that Lorenzen provided ineffective assistance by failing to provide timely notice of his intention to use the

expert testimony of Andrew W. Meisler, a psychologist, in support of a duress defense pursuant to Practice Book § 40-18.[3] The petitioner contends that, as a result of Lorenzen's alleged ineffective assistance, "the *possibility* existed that [the court] could exclude . . . Meisler's expert testimony, leaving the petitioner with the sole option of testifying himself in support of his duress defense." (Emphasis added.) The petitioner further contends that, but for his "*potential* inability to present . . . Meisler's expert testimony in support of his duress defense," he would not have pleaded guilty and would have proceeded to trial. (Emphasis added.)[4]

We have examined the record on appeal, the briefs and arguments of the parties, and conclude that the judgment of the habeas court, *Seeley, J.*, should be affirmed. Because the court thoroughly addressed the petitioner's argument raised in this appeal that Lorenzen's representation was constitutionally ineffective, we adopt its well reasoned decision as a proper statement of the relevant facts and the applicable law on that issue. See *Shaheer* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-17-4009009-S (October 21, 2019) (reprinted at 207 Conn. App. 454,      A.3d      ). Any further discussion by this court would serve no useful purpose. See, e.g., *Anderson* v. *Commissioner of Correction*, 205 Conn. App. 173, 189,      A.3d      (2021).

The judgment is affirmed.

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished *as if he were guilty* to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless. The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." (Emphasis in original; internal quotation marks omitted.) *State* v. *Simpson*, 329 Conn. 820, 824 n.4, 189 A.3d 1215 (2018).

[2] The court addressed only those claims for which the petitioner had presented evidence and provided a legal analysis in his posttrial brief. All other claims raised by the petitioner in his operative petition for a writ of habeas corpus were deemed abandoned.

[3] Practice Book § 40-18 provides in relevant part: "If a defendant intends to introduce expert testimony relating to the affirmative defenses of mental disease or defect . . . or another condition bearing upon the issue of whether he or she had the mental state required for the offense charged, the defendant shall . . . notify the prosecuting authority in writing of such intention and file a copy of such notice with the clerk. . . ."

[4] The petitioner also claims that the following two factual findings of the habeas court were clearly erroneous: (1) "the trial court was not going to exclude . . . Meisler's expert testimony because it granted the state's motion to have the petitioner evaluated by its own expert, and because the petitioner was scheduled to meet with the state's expert on the day of his plea," and (2) "the petitioner . . . lack[ed] credibility in claiming concern that his duress defense may suffer due to [Lorenzen's] [alleged] untimely filing of the expert notice because the petitioner was in the courtroom and heard [the court grant the state's motion to have the petitioner evaluated by its own expert]."

"[T]his court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 784, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488

(2009). In the present case, there is evidence in the record that substantiates the findings in question. Moreover, our review of the record and the reasonable inferences drawn therefrom does not leave us with a definite and firm conviction that a mistake has been committed.

---