******************************************************

    The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RAMON LOPEZ *v.* COMMISSIONER OF CORRECTION
## (AC 43240)

Alvord, Clark and Norcott, Js.

*Syllabus*

The petitioner, who had been convicted of murder, two counts of attempt to commit murder, and two counts of assault in the first degree, sought a writ of habeas corpus, claiming that the state failed to disclose certain information during his criminal case, that his first habeas counsel rendered ineffective assistance, and alleging a claim of actual innocence. The habeas court rendered judgment denying the habeas petition, and the petitioner, on the granting of certification, appealed to this court. *Held* that the judgment of the habeas court denying the petition for a writ of habeas corpus was affirmed; because the habeas court's memorandum of decision thoroughly addressed the petitioner's arguments raised in this appeal, this court adopted the habeas court's well reasoned decision as a proper statement of the relevant facts and applicable law on the issues.

Argued September 21—officially released November 2, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Michael W. Brown*, for the appellant (petitioner).

*Timothy F. Costello*, senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *Emily Dewey Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ramon Lopez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected (1) his claim that the state, in violation of *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), failed to disclose certain information during the criminal case, (2) his claim that his first habeas counsel rendered ineffective assistance, and (3) his actual innocence claim. We affirm the judgment of the habeas court.

After a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a), two counts of attempt to commit murder in violation of General Statutes §§ 53a-49 (a) and 53a-54a (a), and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). He was sentenced to a total effective term of 100 years of incarceration. On direct appeal, our Supreme Court affirmed the judgment of conviction. *State* v. *Lopez*, 280 Conn. 779, 782–83, 911 A.2d 1099 (2007). In 2005, the petitioner brought his first habeas action claiming ineffective assistance of his criminal trial counsel. The court denied habeas relief. *Lopez* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-05-4000857-S (January 4, 2012). This court affirmed the denial per curiam. *Lopez* v. *Commissioner of Correction*, 150 Conn. App. 905, 93 A.3d 181, cert. denied, 314 Conn. 922, 100 A.3d 853 (2014).

The petitioner filed this second petition for a writ of habeas corpus in July, 2012. The petitioner pursued claims of, inter alia, a *Brady* violation, ineffective assistance of his first habeas counsel, and actual innocence. Following a trial, the habeas court, *Sferrazza, J.*, issued a memorandum of decision denying the amended petition for a writ of habeas corpus. On May 31, 2019, the court granted the petition for certification to appeal.

On appeal, the petitioner claims that the court improperly rejected his claims of a *Brady* violation, ineffective assistance of his first habeas counsel, and actual innocence.[1] Specifically, the petitioner argues that "[t]he petition should have been granted on the *Brady* claim because the state's disclosure . . . was inadequate, and the authority the habeas court referenced to support its conclusion is too distinguishable to hold persuasive weight," the habeas court incorrectly concluded that the first habeas counsel was effective, and "the habeas court's conclusion that the petitioner had not proven his innocence was based upon several critical legal errors."

We have examined the record and considered the briefs and arguments of the parties, and conclude that the judgment of the habeas court should be affirmed.

In denying the petition, the court issued a thorough and well reasoned memorandum of decision, which is a proper statement of the relevant facts and the applicable law on the issues. We therefore adopt the decision as our own. See *Lopez* v. *Warden,* Superior Court, judicial district of Tolland, Docket No. CV-12-4004836-S (May 1, 2019) (reprinted at 208 Conn. App. , A.3d ). "It would serve no useful purpose for this court to repeat the discussion therein contained." *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997); see also *Shaheer* v. *Commissioner of Correction*, 207 Conn. App. 449, 453, A.3d (2021).

The judgment is affirmed.

[1] The petitioner also claims on appeal that the court abused its discretion in dismissing several related claims prior to the habeas trial. Prior to trial, a good cause hearing was held relating to several counts of the fourth amended petition. At the hearing, the petitioner sought to present evidence that would show that, at his criminal trial, a witness had falsely testified about an alleged cooperation agreement or similar understanding. However, the habeas court, *Oliver, J.*, dismissed the claims. The petitioner urges us to conclude that there was good cause to support these claims, and, therefore, the habeas court erred in dismissing them. Subsequently, the petitioner added claims involving the same alleged false testimony to his seventh amended petition. At the outset of trial, the habeas court, *Sferrazza, J.*, dismissed those claims. On appeal, the petitioner argues that the claims were improperly dismissed.

Additionally, the petitioner claims on appeal that the prosecutor at the petitioner's criminal trial was improperly exempted from the habeas court's order sequestering the witnesses. The petitioner argues that the habeas court abused its discretion "by allowing the prosecutor from the criminal trial, who was alleged in the amended petition to have violated the petitioner's constitutional rights, to participate closely in the habeas trial over the petitioner's objection" because exempting the prosecutor from the sequestration order "violated the petitioner's statutory and constitutional rights."

After a careful review of the record, as well as the parties' briefs and relevant law, we are convinced that these claims lack merit and that the habeas court acted properly when it dismissed the claims and excluded the prosecutor from the sequestration order.